UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TREVOR N., <br><br>  Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. NO. 24)** <br><br> Case No. 2:23-cv-00238 <br><br> Magistrate Judge Daphne A. Oberg |

In this closed Social Security case, Trevor N.[1] has filed a motion under the Equal Access to Justice Act[2] ("EAJA"), seeking an award of $8,452.25 in attorney fees.[3] While the Commissioner does not object to an award of fees, he argues the amount of fees sought is excessive and should be reduced.[4] Because the fee request is reasonable, and Mr. N. is entitled to additional fees for time spent defending his fee motion, Mr. N. is awarded $9,565.18 in attorney fees.[5]

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by his first name and last initial only.

[2] 28 U.S.C. § 2412(d).

[3] (Mot. for Att'y's Fees Pursuant to the Equal Access to Just. Act ("Mot."), Doc. No. 24.)

[4] (Def.'s Resp. to Pl.'s Mot for Att'y Fees Pursuant to the EAJA ("Opp'n"), Doc. No. 26.)

[5] In addition to the $8,452.25 originally sought, Mr. N. seeks $1,112.93 for time spent drafting a reply brief in support of his motion for fees, for a total of $9,565.18. (Pl.'s Reply ("Reply") 6, Doc. No. 27.)

## BACKGROUND

Mr. N. brought this action for judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income.[6] Mr. N. argued the Administrative Law Judge's decision was not based on substantial evidence, because the judge failed to properly evaluate Mr. N.'s subjective complaints and the opinion of Mr. N.'s treating physician.[7] Before the responsive brief was due, the Commissioner filed an unopposed motion to remand the case, noting the agency "determined that remand for a new administrative hearing is warranted."[8] The court granted the motion to remand and closed the case.[9] Shortly thereafter, Mr. N. filed his motion for attorney fees under the EAJA,[10] which the Commissioner challenges as unreasonable.[11]

## ANALYSIS

Under the EAJA, a party who prevails in a lawsuit against a federal agency is entitled to "reasonable fees and expenses."[12] The party seeking attorney fees bears the

---

[6] (*See* Opening Br., Doc. No. 15.)

[7] (*See id.* at 12–25.)

[8] (Def.'s Unopposed Mot. to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Doc. No. 21.)

[9] (*See* Order Granting Def.'s Unopposed Mot. to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Doc. No. 22; J. in a Civ. Case, Doc. No. 23.)

[10] (Mot., Doc. No. 24.)

[11] (Opp'n 1, Doc. No. 26.)

[12] 28 U.S.C. § 2412(b).

burden of establishing the reasonableness of the fees sought.[13] The Commissioner argues Mr. N. has failed to meet this burden of showing reasonableness, and specifically objects to a number of time entries on Mr. N.'s fee ledger. Each objection is addressed below.

### I. The time counsel spent drafting the opening brief is reasonable.

The Commissioner first argues the twenty-six hours attributed to drafting the opening brief should be reduced to no more than twenty hours.[14] The Commissioner contends the average fully-briefed social security case requires twenty to forty hours of billed time, whereas this case only required one brief.[15] The Commissioner also points out Mr. N.'s claim is a routine issue commonly litigated in social security cases.[16]

The Commissioner's argument fails. First, the Commissioner ignores the fact that the opening brief accounts for most of the time spent on a social security appeal, as it involves reviewing the administrative record (1,637 pages, in this case) and developing arguments. Indeed, a reply brief—the only additional brief a petitioner would typically write—*must* be limited to the arguments made in the opening and responsive briefs.[17] Additionally, district courts routinely find it reasonable to spend around one

---

[13] *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).

[14] (Opp'n 3–4, Doc. No. 26.)

[15] (*Id.* at 4 (citing *Manzanares v. Colvin*, No. 15-cv-02794, 2016 U.S. Dist. LEXIS 156605, at *8 (D. Colo. Nov. 10, 2016) (unpublished)).)

[16] (*Id.* at 3–4.)

[17] *See* DUCivR 7-4(c)(1)(B)(vi). Moreover, petitioners often elect not to submit reply briefs, meaning even "fully briefed" cases may only have one brief from the petitioner, as in this case.

hour per page drafting a social security brief.[18]  Here, counsel spent 26.7 hours reviewing the record and drafting the twenty-six page opening brief, which is a reasonable amount of time.

### II.    The time counsel spent reviewing short orders is reasonable.

The Commissioner next argues it was unreasonable for Mr. N.'s counsel to bill 0.5 hours total for reviewing two notices of appearance, two orders granting extensions, and an order granting remand.[19]  The Commissioner argues these fees should be stricken because these documents were short and did not require a response.[20]  In support of this argument, the Commissioner cites *See v. Colvin*,[21] a district court case out of the Ninth Circuit, where the court reduced "case management" fees to 3.5 hours over the course of the entire case.[22]  The court concluded that billing in 0.1-hour increments for "minimalistic tasks, . . . when taken together[,] has a multiplier effect and saddles the Commissioner with hundreds of dollars of unjustified fee payments."[23]

---

[18] *See, e.g.*, *Farmer v. Astrue*, No. 09-2505, 2010 U.S. Dist. LEXIS 124778, at *9 (D. Kan. Nov. 23, 2010) (unpublished) ("1.1 hours per page in general would not be an unreasonable time to spend writing a Social Security Brief."); *Booker v. Berryhill*, No. 3:16-CV-00299, 2017 U.S. Dist. LEXIS 128421, at *4 (W.D.N.C. Aug. 14, 2017) (unpublished) (finding one hour of drafting time per page to be reasonable).

[19] (Opp'n 4, Doc. No. 26.)  Mr. N.'s counsel billed 0.1 hour for each of these activities, for a total of 0.5 hours.  (*See* Ex. B to Mot., Ledger, Doc. No. 24-2.)

[20] (Opp'n 4, Doc. No. 26.)

[21] No. 1:09-cv-1751, 2014 U.S. Dist. LEXIS 74302 (E.D. Cal. May 30, 2014) (unpublished).

[22] *Id.* at *21.

[23] *Id.* at *20.

The Commissioner's reliance on *See* is unfounded. The *See* court reduced the fee award because a "large portion" of the entries on counsel's timesheet consisted of minimalistic tasks.[24] By contrast, here, counsel only billed for a few simple tasks, leaving a significant number on the ledger as 0-hour entries—in other words, counsel only billed 0.5 hours for well over fifteen of these entries.[25] *See* supports Mr. N.'s position in that the court awarded 3.5 hours of time for the same type of tasks over the course of a case. Additionally, courts in this circuit have awarded 0.1 hours in fees for "check-off" tasks such as reviewing entries of appearance.[26] It is reasonable to bill a total of 0.5 hours for more than fifteen independent, short tasks.

### III. Paralegal time spent preparing a transcript is compensable.

Finally, the Commissioner argues the court should strike the 1.4 hours of paralegal time claimed to "combine, OCR, and live bookmark Federal court transcript."[27] The Commissioner argues "[p]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."[28] But paralegal time spent preparing a transcript for an attorney is not a "purely clerical" task—courts regularly allow

---

[24] *Id.* at *19.

[25] (*See* Ex. B to Mot., Ledger, Doc. No. 24-2.)

[26] *See Gossett v. Berryhill*, No. 15-CV-655, 2017 U.S. Dist. LEXIS 100762, at *6 (N.D. Okla. June 29, 2017) (unpublished) (citing *See*, 2014 U.S. Dist. LEXIS 74302, at *19 in support of award of 0.1 hours of fees per entry for "check-off" tasks, such as reviewing entries of appearance).

[27] (Opp'n 5, Doc. No. 26.)

[28] (*Id.* (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).)

5

compensation for such paralegal work.[29] It is reasonable to bill 1.4 hours of paralegal time for transcript preparation.

## CONCLUSION

Because the amount of fees sought is reasonable, Mr. N.'s motion for attorney fees[30] is granted. Mr. N. is awarded $9,565.18[31] in attorney fees pursuant to the EAJA. Payment of this amount shall constitute a complete release from and bar to any and all claims Mr. N. may have relating to EAJA fees in connection with this action. The EAJA fees are awarded without prejudice to Mr. N.'s attorney's right to seek attorney fees pursuant to section 206(b) of the Social Security Act,[32] subject to the offset provisions of the EAJA.[33]

---

[29] *See, e.g.*, *Michelle G. v. Kijakazi*, No. 4:20-CV-00640, 2022 U.S. Dist. LEXIS 3362, at *7 (S.D. Tex. Jan. 6, 2022) (unpublished) (collecting cases where courts found paralegal time preparing transcripts compensable, because "[p]reparing a transcript for ready legal analysis requires some legal knowledge and training, and compensating such work furthers judicial economy by reimbursing paralegal work that cuts down on attorney's fees"); *Sykes v. Comm'r, SSA*, No. 16-898, 2017 U.S. Dist. LEXIS 71072, at *3–4 (D. Md. May 10, 2017) (unpublished) (permitting plaintiff to claim paralegal time for "OCR & Live bookmark federal court transcript"); *Valerie S. v. Comm'r*, No. 4:21-CV-005, 2022 U.S. Dist. LEXIS 203239, at *5 (N.D. Ga. Sep. 7, 2022) (unpublished) (same).

[30] (Doc. No. 24.)

[31] Mr. N. originally sought $8,452.25 in attorney fees, but he now seeks an additional $1,112.93 for time spent drafting a reply brief in support of his motion for fees—for a total of $9,565.18. (Reply 6, Doc. No. 27.) This amount is reasonable, and time spent defending a motion for EAJA fees is compensable. *Comm'r v. Jean*, 496 U.S. 154, 166 (1990). Accordingly, Mr. N. is entitled to a total of $9,565.18.

[32] 42 U.S.C. § 406(b).

[33] *See* 28 U.S.C. § 2412(c)(1).

Under *Astrue v. Ratliff*,[34] an EAJA fee award belongs to the plaintiff, and is subject to offset under the Treasury Offset Program.[35] Thus, the EAJA fees must be paid to Mr. N. However, if, upon effectuation of this EAJA fee order, the Commissioner (1) determines Mr. N. does not owe a debt subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act,[36] the fees will be payable to Mr. N.'s attorney. If Mr. N. owes a debt under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act. In such case, the EAJA fees remaining after offset will be paid by a check made out to Mr. N. but delivered to Mr. N.'s attorney.

If Mr. N.'s counsel ultimately receives an award of attorney fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller award to Mr. N. pursuant to *Weakley v. Bowen*.[37]

DATED this 5th day of June, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[34] 560 U.S. 586, 595–98 (2010).

[35] *See* 31 U.S.C. § 3716(c)(3).

[36] 31 U.S.C. § 3727.

[37] 803 F.2d 575, 580 (10th Cir. 1986).